## FRANKLIN *v.* TRIPLETT.

Opinion delivered May 14, 1906.

LANDLORD AND TENANT—REPAIRS.—Under a contract for the lease of a plantation which obligated the lessees "to build, repair and keep in good condition houses sufficient to accommodate the labor necessary to successfully cultivate" the plantation, and "to build, repair and maintain fences sufficient to amply protect the crop to be grown upon the place," the lessees are bound to add chimneys and whatever else is necessary to put the houses in good tenantable condition, and to make the fences sufficient amply to protect the crops, and to deliver the houses and fences in good condition at the expiration of the lease.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Austin & Danaher,* for appellants.

The repairs required are limited to the repairs distinctly specified in the contract. In this case the objects specified were, in the case of houses, to accommodate the labor necessary to successfully cultivate the place, and, in the case of fences, to amply protect the crops to be grown upon the place. 18 Am. & Eng. Enc. Law (2 Ed.), 252. Under a general covenant for repairs, the tenant is not required to go further than to take care that the tenement does not suffer more that the usual operations of time and nature will effect. He is only required to keep an old house as an old house; he is not obliged to put in new floors, or the like, but merely to repair the old ones. 1 Taylor, Landlord and Tenant (8 Ed.), § 358; 63 Pa. St. 162; 4 Bing. (N. C. ), 451; 33 L. R. A. 614.

It is shown that appellants put and maintained the place in as good condition as such places were usually maintained, and they will be taken to have contracted with reference to the custom of the country. 2 Parsons, Cont. (8 Ed.), * 537.

*W. F. Coleman* and *Murphy, Coleman & Lewis,* for appellee.

The contract shows that it was not intended to limit the obligation of the tenant to the common law rule, nor to the general covenant to repair. The special covenant in the contract enlarges the duty of the tenant, and the intention is shown to be

that the lessee shall repair and maintain in tenantable condition such houses as are on the place, and it is also shown that the houses were at the time out of repair, and not in good condition. Appellant's first instruction was therefore properly refused.  18 Am. & Eng. Enc. Law. 252; 8 C. & P. 720; Taylor, Landlord and Tenant, § 358.

BATTLE, J.   Plaintiff, C. H. Triplett, alleges that he leased to J. P. Franklin and others, for 1903, the "Horton Island Place;" that the lease contained the following covenant:

"That they, the said lessees, should build, repair and keep in good condition houses sufficient to accommodate the labor necessary to successfully cultivate said place, and to build, repair and maintain fences sufficient to amply protect the crop to be grown upon the said place; it being the intention of this clause that the said lessees shall repair and maintain in tenantable condition such houses as are on the place, and if any more houses are needed to accommodate the labor necessary to successfully cultivate the place they will build same, it being understood between the parties that the houses now on the place are in need of repairs and not in good condition."

"That defendants had failed to repair and keep in good condition the houses sufficient to accommodate the labor necessary to successfully cultivate the place, and had failed to repair and maintain fences ample to protect the crop grown upon said place, and failed to repair and maintain in tenantable condition such houses as were on the place.

"The prayer was for damages in the sum of $700.

"The answer denied that defendants had failed in any manner to comply with the conditions of the lease, alleged full performance, and denied that plaintiff had been damaged."

In a trial before a jury the plaintiff adduced evidence tending to prove the allegations in his complaint; and the defendants adduced evidence tending to prove that the condition of the houses on the leased premises were about as good as "other plantation houses" in that vicinity, and were tenantable.

The court instructed the jury as follows:

"Defendants were bound by their contract with plaintiff to repair and maintain in good and tenantable condition all houses on the premises contracted for by the lease in evidence, said con-

tract agreeing in terms that the houses then on the place were not in good condition and were in need of repairs. So, if the jury believe from the evidence that the houses on the place were not in a good and tenantable condition when the place was surrendered at the expiration of the lease in suit, then plaintiff is entitled to recover of defendants damages in such sum as may be shown by the evidence to be required to repair and place the houses mentioned in such condition. Defendants were also bound under their contract to build, if necessary, fences sufficient to amply protect the crops to be grown on the said place, and maintain the fences in good state of repairs. So, if the jury find from the evidence that the fences were not in the condition contracted for at the time of the surrender of the place by defendants, they will find damages in such further sum as may be shown by the evidence to be required to place such fences in said condition."

And refused to instruct, at the request of the defendants, as follows:

"You are instructed that under the lease in controversy the defendants were not bound to build any new chimneys, where there were none before, replace doors, windows or floors worn out by time or to make other similar substantial and lasting repairs, such as are usually called general repairs. All that could be required of them was that they should make such repairs on the houses and fences on the place as were necessary to protect the crops grown upon said place and to accommodate the labor necessary to work said crops during the term of said lease; and if you find from the evidence that the defendants did repair the fences to the extent necessary to protect the crops grown upon said place during the year 1903, and the houses to the extent necessary to accommodate a sufficient number of laborers to cultivate said crops, then your verdict must be for the defendants."

The jury returned a verdict in favor of the plaintiff for $492.64; and defendants appealed.

The appellants' obligations in this case are measured by the terms of their lease. They undertook "to build, repair and *keep* in good condition houses sufficient to accommodate the labor necessary to successfully cultivate said place," the leased premises, and "to build, repair and *maintain* fences sufficient to amply protect the crop to be grown upon the place, * * * it being un-

derstood between the parties that the houses now on the place are in need of repair, and not in good condition." They were bound by their contract to add chimneys or whatever was necessary to put the houses in good and tenantable condition, and to make the fences sufficient to amply protect the crops grown on the place; and not only this, but they were bound to *maintain* such houses and fences in good condition during the entire term of their lease. This bound them to deliver the same in like condition to the lessor at the expiration of the lease; and, failing to do so, they are bound to compensate him in damages for the nonperformance of their contract.

The jury were properly instructed; the verdict is sustained by the evidence.

Judgment affirmed.